UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GAVEN L. HEINEY, | ) | CASE NO. 4:22-CV-2232 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CORRECTIONAL SOLUTIONS GROUP, LLC, *et al.*, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant George Wilson's motion for summary judgment. (ECF No. 65). Also before the Court is Plaintiff's motion to deny the latter without prejudice or, in the alternative, for extension of time to file a response to the motion for summary judgment. (ECF No. 66). Plaintiff is requesting the dismissal or extension under Fed. R. Civ. P. 56(d) because the non-expert discovery period in this case does not close until August 19, 2024, and additional discovery is necessary for Plaintiff to respond to Defendant's motion. (*Id*. at PageID #462).

Defendant Wilson opposes Plaintiff's motion because the requested discovery will be insufficient to change the outcome of the claims asserted against Defendant Wilson. (ECF No. 68). Defendant Wilson also argues that Plaintiff has had sufficient time to complete the requested discovery. (*Id*.).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In considering a Rule 56(d) motion, the Court

1

considers five factors: (1) when Plaintiff "learned of the issue that is the subject of the desired discovery;" (2) whether the desired discovery would affect the summary judgment ruling; (3) how long the discovery period has lasted; (4) whether Plaintiff was dilatory in his discovery efforts; and 5) whether Defendant Wilson was responsive to discovery requests. *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019).

Plaintiff submitted an affidavit from counsel identifying the obstacles faced in discovery so far and the further discovery required to substantively respond to Defendant's motion for summary judgment. (ECF No. 66, PageID #470–74). The Court will consider the five factors to determine if a deferral or dismissal without prejudice of Defendant's motion is appropriate given the circumstances of this case.

Neither party addressed the first factor. Defendant Wilson was added as a party on July 3, 2023. (ECF No. 41). The Court is unaware of why Defendant Wilson was not identified as a party earlier. However, Plaintiff admitted in his motion that, "Plaintiff's counsel learned in attempting to respond to discovery in the case that Plaintiff's injuries were so severe that he was incapable of meaningfully responding or participating in the process." (ECF No. 66, PageID #465). Plaintiff also identified, as discussed below, evidence in discovery that raised further questions concerning Defendant Wilson's involvement that Plaintiff will pursue answers for during the remaining discovery period. (*Id*. at PageID #465–67). The exact timeline of when Plaintiff learned of the issue that is the subject of the desired discovery is unclear. Thus, the Court finds that the first factor does not weigh for or against granting Plaintiff's motion.

The parties dispute whether the desired discovery would affect the outcome of the summary judgment ruling. Defendant challenges that the requested discovery would not change the outcome of Plaintiff's 42 U.S.C. § 1983 claim because no liability can be imposed against Defendant Wilson

2

in his supervisory capacity. (ECF No. 68). Plaintiff identified in Defendant Wilson's contract with Correctional Solutions Group, LLC ("CSG") that Defendant Wilson was to "oversee the medical processes at the jail and ensure basic medical evaluations, interpret and provide orders for nurses to carry out medical care for detainees, and prescribe specified medications for detainees." (ECF No. 66, PageID #466). Plaintiff also discovered that CSG has a policy concerning intoxication and withdrawal that requires a detox protocol be implemented by a nurse "under the direction of the facility medical director" if the inmate is exhibiting signs of severe withdrawal. (*Id.*). Plaintiff alleges that his placement in this protocol should have involved Defendant Wilson, so Plaintiff argues that depositions of the medical staff are necessary to determine why Defendant Wilson "was not involved, or whether there is an issue of fact regarding his assertion that he did not know about Plaintiff's condition." (*Id.*). These factual issues extend beyond the issue of respondeat superior liability raised by Defendant Wilson, so the Court finds that the desired discovery could affect the outcome of the summary judgment motion as to Plaintiff's 42 U.S.C. § 1983 claim.

Defendant Wilson alleges that any requested discovery would not affect the statute of limitations defense he raised against Plaintiff's state law medical claims (Plaintiff's second, fourth, and sixth claims for relief). (ECF No. 68). The Court will assume Plaintiff's second, fourth, and sixth claims are governed by O.R.C. § 2305.113(A) for the sake of this analysis. That statute dictates, "an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." O.R.C. § 2305.113(A).

In O.R.C. § 2305.16, there is a tolling provision that might impact the statute of limitations analysis in this case that states:

> After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or

> is confined in an institution or hospital under a diagnosed condition or disease which renders the person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.

In light of the March 21, 2024 Columbiana County Probate Court order declaring Plaintiff incompetent and declaring Donald J. Heiney as his guardian (ECF No. 69, PageID #488), the parties likely would benefit from discovery to assess whether the facts of this case would invoke that provision. Thus, the Court finds that the desired discovery could affect the outcome of the summary judgment motion as to Plaintiff's state law medical claims.

Defendant Wilson also challenges that further discovery would be insufficient to change the outcome of Plaintiff's spoliation of evidence claim. (ECF No. 68). Plaintiff alleges in his motion that his medical file was removed in January 2022, could not be located until September 2022, and was lost again by October 2022. (ECF No. 66, PageID #466). The affidavit submitted by Plaintiff's counsel asserts that some completed discovery indicates that "all of medical staff" searched for the missing chart. (*Id.* at PageID #473). Plaintiff's requested depositions and additional discovery responses are likely to clarify questions surrounding the missing medical file and any potential involvement by Defendant Wilson. Thus, the Court finds that the desired discovery could affect the outcome of the summary judgment motion as to Plaintiff's spoliation of evidence claim. The second factor weighs in favor of granting Plaintiff's motion.

Defendant Wilson argues that the remaining three factors weigh in his favor because Plaintiff has had sufficient time to complete the requested discovery and Defendant Wilson has been responsive to discovery requests. (ECF No. 68). Concerning factor three, this case was assigned to the complex track at the initial Case Management Conference due to the number of defendants, number of anticipated depositions, and number of anticipated expert witnesses. (ECF No. 35). Plaintiff added Defendant Wilson as a party in his amended complaint on July 3, 2023.

(ECF No. 41). Defendant Wilson filed his answer on October 17, 2023. (ECF No. 58). Defendant Wilson states that Plaintiff served him with the first set of written discovery requests on November 9, 2023. (ECF No. 68). On December 18, 2023, all parties (including Defendant Wilson) filed a joint motion to extend the case management schedule because Plaintiff's "deteriorated medical condition" was impeding the course of discovery. (ECF No. 63). The case management deadlines were extended to allow Plaintiff's counsel the opportunity to have a guardian appointed for Plaintiff. (*Id*.). The non-expert discovery deadline was extended to August 19, 2024, at the parties' request. (*Id*.). Discovery is naturally a lengthier process in complex cases, so the Court finds that the third factor weighs in favor of granting Plaintiff's motion.

There is no evidence in the record that Plaintiff has been dilatory with his discovery efforts. As noted above, Plaintiff served a written discovery request to Defendant Wilson soon after Wilson filed his answer. A little over a month later, all parties agreed to an extension of the case management deadlines so that Plaintiff's counsel could pursue a guardianship for Plaintiff. (ECF No. 63). It appears that Plaintiff's counsel diligently pursued the guardianship because the Court subsequently received a motion to substitute a party. (ECF No. 69). The Court finds that the fourth factor weighs in favor of granting Plaintiff's motion.

Plaintiff does not challenge that Defendant Wilson has been responsive to discovery requests, so the fifth factor does not weigh in favor of granting Plaintiff's motion. In considering all the factors, the Court finds that the majority support deferral or dismissal of Defendant's pending summary judgment motion. Several months remain before the non-expert discovery deadline agreed to by Defendant Wilson, Plaintiff has diligently pursued discovery despite medical obstacles, and the desired discovery is relevant to the outcome of the summary judgment decision. To allow both parties the benefit of the continuing non-expert discovery, the Court **GRANTS**

Plaintiff's motion. (ECF No. 66). The Court **DENIES** Defendant's motion for summary judgment (ECF No. 65) **WITHOUT PREJUDICE** to refiling after the close of non-expert discovery and by the dispositive motion deadline.

On March 26, 2024, Plaintiff moved for Donald J. Heiney to replace Plaintiff in this matter, pursuant to Fed. R. Civ. P. 25(b). (ECF No. 69, PageID #485). No objections were filed. Rule 25(b) states, "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Plaintiff submitted a March 21, 2024 order finding Gaven L. Heiney incompetent and appointing Donald J. Heiney as his guardian. (ECF No. 69, PageID #488). The Court **GRANTS** Plaintiff's motion to substitute. Donald J. Heiney is substituted for Gaven L. Heiney as the Plaintiff in this case.

**IT IS SO ORDERED.**

Dated:  April 17, 2024

*[signature: Charles Fleming]*

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**