**EXHIBIT I**

```
                                                         Page 1
 1            IN THE UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF OHIO
 3                   EASTERN DIVISION
 4   _____
 5   DONALD J. HEINEY,
 6          Plaintiff,
 7       v.                              Case No.
 8   CORRECTIONAL SOLUTIONS GROUP,       4:22-cv-02232
 9   LLC; MELANIE AGNONE; JOSH DANKO;
10   CANDY HIVELY; TYLER PRVONOZAC;
11   DAVID STANFIELD; LIEUTENANT
12   DELP; SETH FRAISER; TOM MACKIE;
13   and GEORGE WILSON,
14          Defendants.
15   _____
16             DEPOSITION OF TINA M. HEINEY
17   DATE:         Friday, December 6, 2024
18   TIME:         12:04 p.m.
19   LOCATION:     Reminger Co., LPA
20                 950 Windham Court, Suite 200
21                 Youngstown, OH 44512
22   REPORTED BY:  Benjamin Fantauzzo
23   JOB NO.:      7016749
24
25
```

Page 138

1  Q  Now, speaking more in the short term, more
2  recent future, near future, have you guys discussed
3  having any aids come into the house to help?
4  A  We just recently started talking about it.
5  Q  Do you --
6  A  But, oh, money.  I'm sorry.
7  Q  Have you looked into whether his health
8  insurance would cover any type of in-home aid?
9  A  No, I never thought of the health insurance.
10 But they're really limited.  They -- they only gave
11 him -- even like, physical therapy and stuff, they
12 only gave you like, so many.  You know, you can't just
13 keep going, 'cause you think he needs it or something.
14 You just can't.
15 Q  Why has it been a recent discussion to get
16 an in-home aide?
17 A  Like I said, just every -- it -- it all
18 happening kind of at one time; you know?  Like him,
19 but then now, like now my mom and my dad, and I -- I
20 mean, I obviously have to take care of him, and they
21 help, but then I feel bad because, you know, maybe
22 they don't feel good today or something.  And it --
23 it's -- it's a lot on them too.  You know, that's --
24 that's all.
25 Q  The Social Security disability money that

Page 139

1  Gaven gets, where is it deposited?
2  A  Into his account.
3  Q  And who has access to that account?
4  A  My dad.
5  Q  At one point you had had a, I think a
6  medical and financial power of attorney?
7  A  Yes, ma'am.
8  Q  Do you still have that over Gaven?
9  A  I don't -- I -- I don't know.  I don't --
10 don't that trump it?
11 Q  I would think, but I actually don't know.
12 A  I don't either.
13 Q  That's okay.
14 A  Yeah.  I don't know.
15 Q  Would it be fair to say then that you don't
16 use it?
17 A  Yeah.
18 Q  Your dad would do any banking needs for
19 Gaven?
20 A  Banking, yes.
21     MS. DINEHART:  All right.  I am going
22 to turn it over to these gentlemen to ask all the
23 questions I forgot.
24     THE WITNESS:  It's okay.
25     MR. HOOVER:  I'm just going to talk to

Page 140

1  see if you can -- are you picking me up?
2     THE REPORTER:  Yes.
3     MR. HOOVER:  All right.  If you can't,
4  just let me know.
5         EXAMINATION
6  BY MR. HOOVER:
7  Q  Is it okay if I call you Tina?
8  A  Yes, please.
9  Q  Hi, Tina.  We met earlier.  My name's Zach.
10 I represent Dr. Wilson.
11    My first question is, outside of any
12 conversations you've had with your attorneys, do you
13 know who Dr. Wilson is?
14 A  No.
15 Q  In all your conversations with the COs and
16 the nurses at Columbiana County Jail, did you ever
17 talk about a doctor during those discussions?
18 A  No.  'Cause I didn't know there was one.
19 I -- I asked him like, can he get to a hospital?  But
20 I didn't specifically ask for a doctor.
21 Q  Okay.  So no discussions about a doctor with
22 any conversations you had with COs or the warden or
23 the nurses at Columbiana?
24 A  I don't believe so, no.
25 Q  Okay.  I think you said, and I don't know if

Page 141

1  I misheard.  I just want to make sure, when you were
2  talking about the current residence at Nevada Street,
3  did you say there's not a yard to go outside for
4  Gaven?
5  A  Very little.  It's like the side of that,
6  like this side and that of this room; do you know what
7  I mean?  Its like a real little yard across the side.
8  It's been sitting for the dogs.
9  Q  Okay.  So there's some green space yard
10 area?
11 A  Yeah.
12 Q  Okay.  I am going to jump around a little
13 bit.  I'm going to try to stay chronological as much
14 as I can, but going second is sort of just going to
15 try to catch up on some things.  So if at any point in
16 time you don't understand where I'm at in the
17 timeline, please just let me know; okay?
18 A  Sure.  Yes.
19 Q  So let's talk about Gaven after he stopped
20 working as a welder back in 2016; you with me?
21 A  Yes.
22 Q  Did Gaven ever apply for any jobs anywhere
23 after he stopped working as a welder?
24 A  He did.  I can't remember the name of the
25 place, but it was one of them, I think it was like the

Veritext Legal Solutions

800-567-8658                                             973-410-4098

Page 238

1  BY MR. JAMISON:
2  Q  With your most truthful answer?
3      MR. THOMPSON: Sorry. I didn't mean
4  to.
5  BY MR. JAMISON:
6  Q  Have we all given you a fair opportunity to
7  answer our questions today?
8      MR. THOMPSON: Objection.
9  A  Yeah.
10 Q  Okay. As a nurse, did you have any
11 specialized training at all or certifications?
12     MR. THOMPSON: No? You got to say
13 something.
14     THE WITNESS: No. Sorry.
15 BY MR. JAMISON:
16 Q  You worked in -- I know it's been a long
17 day. You always worked in med-surg?
18 A  Correct.
19 Q  Did you ever work in the emergency room?
20 A  No.
21 Q  Okay. All right. And you didn't have any
22 special training on addiction or withdrawal or
23 anything like that?
24 A  I don't think so.
25     MR. THOMPSON: Objection. Sorry.

Page 239

1      MR. JAMISON: Nothing further. Thank
2  you.
3      THE WITNESS: Thank you.
4      MS. DINEHART: Nothing further.
5      THE REPORTER: All righty.
6      Ms. Dinehart, would you like to order
7  the transcript?
8      MS. DINEHART: Not at this time.
9      Mr. Jamison, would you like to order
10 the transcript?
11     MR. JAMISON: Yeah, let's -- we'll
12 order it.
13     THE REPORTER: Okay.
14     MR. JAMISON: Let's do a E-tran,
15 please.
16     THE REPORTER: Mr. Hoover, would you
17 like to order the transcript?
18     MR. HOOVER: I will take a copy.
19     THE REPORTER: Mr. Thompson, would you
20 like to order the transcript?
21     MR. THOMPSON: Not at this time.
22 Witness will read.
23     THE REPORTER: All right. And then
24 last, Mr. Amato, would you like to order the
25 transcript?

Page 240

1      MR. AMATO: No, not at this time.
2      THE REPORTER: Thank you.
3      We are off the record at 5:02.
4      (Signature reserved.)
5      (Whereupon, at 5:02 p.m., the
6  proceeding was concluded.)

Page 241

1      CERTIFICATE OF DEPOSITION OFFICER
2      I, BENJAMIN FANTAUZZO, the officer before
3  whom the foregoing proceedings were taken, do hereby
4  certify that any witness(es) in the foregoing
5  proceedings, prior to testifying, were duly sworn;
6  that the proceedings were recorded by me and
7  thereafter reduced to typewriting by a qualified
8  transcriptionist; that said digital audio recording of
9  said proceedings are a true and accurate record to the
10 best of my knowledge, skills, and ability; that I am
11 neither counsel for, related to, nor employed by any
12 of the parties to the action in which this was taken;
13 and, further, that I am not a relative or employee of
14 any counsel or attorney employed by the parties
15 hereto, nor financially or otherwise interested in the
16 outcome of this
17         BENJAMIN FANTAUZZO
18         Notary Public in and for the
19              State of Ohio
20
21 [X] Review of the transcript was requested.

61 (Pages 238 - 241)

Veritext Legal Solutions
800-567-8658                          973-410-4098

Page 242

1  CERTIFICATE OF TRANSCRIBER
2      I, HEATHER VISSIA, do hereby certify that
3  this transcript was prepared from the digital audio
4  recording of the foregoing proceeding, that said
5  transcript is a true and accurate record of the
6  proceedings to the best of my knowledge, skills, and
7  ability; that I am neither counsel for, related to,
8  nor employed by any of the parties to the action in
9  which this was taken; and, further, that I am not a
10 relative or employee of any counsel or attorney
11 employed by the parties hereto, nor financially or
12 otherwise interested in the outcome of this action.
13
14 *H.N. Vi...* (signature)
15                    HEATHER VISSIA
16
17
18
19
20
21
22
23
24
25

Page 243

1  ANDREW THOMPSON, ESQUIRE
2  athompson@shaperoroloff.com
3          December 26, 2024
4  RE: Donald J. Heiney v. Correctional Solutions Group, LLC,
5     12/6/2024, Tina M. Heiney (#7016749)
6     The above-referenced transcript is available for
7  review.
8     Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12    The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 erratas-cs@veritext.com
16    Return completed errata within 30 days from
17 receipt of testimony.
18    If the witness fails to do so within the time
19 allotted, the transcript may be used as if signed.
20
21
22         Yours,
23         Veritext Legal Solutions
24
25

Page 244

1  Donald J. Heiney v. Correctional Solutions Group, LLC, Et Al.
2  Tina M. Heiney (#7016749)
3        E R R A T A  S H E E T
4  PAGE_____ LINE_____ CHANGE_____
5  _____
6  REASON_____
7  PAGE_____ LINE_____ CHANGE_____
8  _____
9  REASON_____
10 PAGE_____ LINE_____ CHANGE_____
11 _____
12 REASON_____
13 PAGE_____ LINE_____ CHANGE_____
14 _____
15 REASON_____
16 PAGE_____ LINE_____ CHANGE_____
17 _____
18 REASON_____
19 PAGE_____ LINE_____ CHANGE_____
20 _____
21 REASON_____
22
23 _____  _____
24 Tina M. Heiney              Date
25

Page 245

1  Donald J. Heiney v. Correctional Solutions Group, LLC, Et Al.
2  Tina M. Heiney (#7016749)
3        ACKNOWLEDGEMENT OF DEPONENT
4     I, Tina M. Heiney, do hereby declare that I
5  have read the foregoing transcript, I have made any
6  corrections, additions, or changes I deemed necessary as
7  noted above to be appended hereto, and that the same is
8  a true, correct and complete transcript of the testimony
9  given by me.
10
11 _____  _____
12 Tina M. Heiney              Date
13 *If notary is required
14       SUBSCRIBED AND SWORN TO BEFORE ME THIS
15       _____ DAY OF _____, 20___.
16
17
18       _____
19       NOTARY PUBLIC
20
21
22
23
24
25