# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **GAVEN L. HEINEY** | ) | CASE NO. 4:22-cv-02232 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE CHARLES ESQUE FLEMING** |
| v. | ) | |
| | ) | |
| **CORRECTIONAL SOLUTIONS** | ) | |
| **GROUP, LLC, et al.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MOTION OF DEFENDANT GEORGE WILSON, D.O. TO DISQUALIFY THOMAS A. TALLMAN. D.O. AS AN EXPERT WITNESS AND TO STRIKE THE AFFIDAVIT OF THOMAS A. TALLMAN, D.O.

Now comes Defendant George Wilson, D.O., by and through counsel, and hereby moves this Court to disqualify Thomas A. Tallman, D.O. as an expert in this case and strike the affidavit of Dr. Tallman attached as Exhibit J (ECF No. 113 PageID # 1071-75) to Plaintiff's Memorandum in Opposition (ECF No. 113).

In October 2023, Dr. Tallman was retained by Defendant Dr. Wilson in this case as a defense expert for trial preparation pursuant to Fed. R. Civ. P. 26(b)(4)(D). Dr. Tallman was never disengaged or released from this expert relationship with Defendant in this case. As an expert under Fed. R. Civ. P. 26(b)(4)(D), Dr. Tallman's opinions are not discoverable by opposing counsel in this case. Yet, surprisingly, Dr. Tallman recently appeared in this case as an expert for Plaintiff, by authoring an affidavit of his opinions about Dr. Wilson.

Dr. Tallman cannot switch sides from an expert for Defendant to an expert for Plaintiff in this case. This runs afoul of Fed. R. Civ. P. 26(b)(4)(D) and fairness in litigation.

Accordingly, Defendant Dr. Wilson requests an Order from this Court disqualifying Dr. Tallman as an expert in this case and striking Dr. Tallman's affidavit.

A Memorandum in Support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ Zachary R. Hoover*
Bobbie S. Sprader (0064015)
bobbie.sprader@dinsmore.com
Zachary R. Hoover (0097672)
zachary.hoover@dinsmore.com
Dinsmore & Shohl LLP
191 West Nationwide Boulevard, Suite 200
Columbus, Ohio 43215
Telephone (614) 628-6880
Fax (614) 628-6890
*Counsel for Defendant George Wilson, D.O.*

**MEMORANDUM IN SUPPORT**

**I.  FACTUAL BACKGROUND**

Plaintiff alleges federal constitutional violations of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 for use of excessive force and deliberate indifference to Gaven Heiney's medical needs during Gaven Heiney's incarceration at the Columbiana County Jail from December 10, 2021 to December 23, 2021. (ECF No. 1). Plaintiff also alleges several state law negligence claims arising from Gaven Heiney's incarceration and the medical care he received while incarcerated. (*Id.*).

On October 17, 2023, Defendant's counsel's office[1] contacted Thomas A. Tallman, D.O. via e-mail to retain him as an expert to assist in this case on behalf of Defendant Dr. Wilson.[2] (Affidavit of Zachary Hoover, Esq. attached hereto as **Exhibit A**). Dr. Tallman was provided with information about this case, and he was asked to provide a Curriculum Vitae ("CV") and fee schedule if he can assist as an expert. (**Exhibit A**). Defendant's counsel believes these are the first communications by anyone with Dr. Tallman to retain his services as an expert in this case. (**Exhibit A**).

On October 18, 2023, Dr. Tallman replied to the October 17, 2023, e-mail confirming his agreement to serve as an expert consultant in this case on behalf of Dr. Wilson. (**Exhibit A**). Dr. Tallman also provided his CV and his fee schedule for his expert services as previously requested. (**Exhibit A**).

---

[1] At the time of these communications and engagement with Dr. Tallman, undersigned counsel was at the Poling law firm.

[2] The e-mail communications between counsel's office and Dr. Tallman are described in general terms. The e-emails have not been produced in this case to preserve privilege and confidentiality under attorney work product and the protections of Fed. R. Civ. P. 26(b)(4). Should this Court deem these e-mails essential to issue a ruling on Defendant's Motion to Disqualify, then Defendant requests these e-mails should be submitted under seal for *in-camera* inspection by the Court only to preserve privilege and confidentiality and prevent disclosure to the other parties.

On November 4, 2023, another e-mail was sent to Dr. Tallman by counsel's office detailing the scope of the expert consultant relationship in this case. (**Exhibit A**). This e-mail to Dr. Tallman includes attorney work product about Gaven Heiney's confidential medical records. (**Exhibit A**).

On November 9, 2023, Defendant's counsel's office provided Dr. Tallman with access to the confidential medical records of Gaven Heiney in this case via a secure document-sharing software. (**Exhibit A**).

Between November 2023 and February 2024, numerous attempts were made to contact Dr. Tallman by Defendant's counsel's office via phone and e-mail. (**Exhibit A**). These communications inquired about the status of Dr. Tallman's review of the materials he was provided with. (**Exhibit A**). Dr. Tallman did not respond to these communications until February 22, 2024. (**Exhibit A**). During these attempts to communicate with Dr. Tallman, on February 14, 2024, Defendant Dr. Wilson filed a Motion for Summary Judgment. (ECF No. 65)

On February 22, 2024, Dr. Tallman sent an e-mail to Defendant's counsel's office with Dr. Tallman's new contact information for his continued work as an expert consultant for Dr. Wilson. (**Exhibit A**). In response thereto, on February 25, 2024, Dr. Tallman was informed by Defendant's counsel's office that Dr. Wilson filed a dispositive motion (ECF No. 65). (**Exhibit A**). Dr. Tallman was told to maintain a holding pattern and wait for further instruction about this case pending the outcome of Dr. Wilson's Motion. (**Exhibit A**). Dr. Tallman was never told to destroy any materials he received from Defendant's counsel's office in this case. (**Exhibit A**). Dr. Tallman was also never disengaged or released from his relationship as an expert witness on behalf of Dr. Wilson in this case. (**Exhibit A**). It was reasonable to believe Dr. Tallman remained available to Defendant as an expert consultant in this case. (**Exhibit A**).

Thereafter, the Court denied Dr. Wilson's first dispositive motion without prejudice to refiling to permit the parties to complete the depositions of the parties. (ECF No. 70). After completion of this discovery, Dr. Wilson filed a second dispositive motion on February 7, 2025. (ECF No. 108). The briefing on Dr. Wilson's second dispositive motion remains ongoing.

Throughout this case, Defendant had a reasonable expectation that Dr. Tallman remained a defense expert available for consultation should Defendant not prevail on his dispositive motion. Throughout this case, the protection of Fed. R. Civ. P. 26(b)(4)(D) remained in effect and protected the opinions of Dr. Tallman from discovery by Plaintiff. However, Dr. Tallman recently appeared on the other side of this case as an expert on behalf of Plaintiff. (Affidavit of Dr. Tallman, April 24, 2025, ECF 113, PageID # 1071-75).

Clearly, Dr. Tallman cannot serve as an expert for both Plaintiff and Defendant in this case. Plaintiff should not be permitted to breach the protection of Fed. R. Civ. P. 26(b)(4)(D) and pull Dr. Tallman out from under Dr. Wilson in the middle of this case.

## II.    LAW AND ARGUMENT

### A.  This Court Possesses the Power to Disqualify Dr. Tallman.

District courts possess "the inherent power to disqualify expert testimony, if necessary, to protect privileges which would be breached if an expert were to switch sides, and to preserve public confidence in the fairness and integrity of judicial proceedings." *Tucker v. John R. Steele & Assocs.*, No. 93 C 1268, 1994 U.S. Dist. LEXIS 4600, at *11 n.3 (N.D. Ill. Apr. 8, 1994). Courts "consider policy objectives favoring disqualification, including preventing conflicts of interest and maintaining the integrity of the judicial process." *Ross*, 567 F. App'x at 304. These policy objectives require the court to determine whether it is "fundamentally unfair" to permit an expert witness to switch sides in a case. *Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 278 (S.D.

5

Ohio 1988). Courts also consider whether the moving party was unduly disadvantaged, and the opposing party was unduly advantaged. *Id.* at 280.

### B. Dr. Tallman Should Be Disqualified and His Affidavit Stricken Because Dr. Tallman Has Been Retained by Defendant as a Confidential Expert Pursuant to Fed. R. Civ. P. 26(b)(4)(D).

There are two classifications of expert witnesses in civil litigation: (1) Experts retained only for trial preparation, and (2) experts retained to testify at trial. The former is governed by Fed. R. Civ. P. 26(b)(4)(D) and precludes discovery of the opinions of these experts, while the latter is governed by Fed. R. Civ. P. 26(a)(2) and permits discovery of the opinions of these experts. It is within the discretion of any party, and the strategy of the party's counsel, to determine whether an expert is designated as a trial witness or retained only as a consultant for trial preparation.

Under Fed. R. Civ. P. 26(b)(4)(D) *Expert Employed Only for Trial Preparation*, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." There are two exceptions to this Rule, both of which are inapplicable here.

Subdivision (b)(4) *Trial Preparation: Experts* was added to Rule 26 of the Federal Rules of Civil Procedure in 1970. The Notes of the Advisory Committee to the 1970 amendments to this Rule explain the application of this new provision:

> This is a new provision dealing with the discovery of information (including facts and opinions) obtained by a party from an expert retained by that party in relation to litigation *or obtained by the expert and not yet transmitted to the party*. *This subdivision deals separately with those experts whom the party expects to call as trial witness and with those experts who have been retained or specially employed by the party but who are not expected to be witnesses*.

6

(Emphasis added). The Notes of the Advisory Committee to the 1970 amendments further state "subdivision [(b)(4)(B)] precludes discovery against experts who are informally consulted in preparation for trial, but not retained or specially employed."

Dr. Tallman meets the definition of an "*Expert Employed Only for Trial Preparation*" under Fed. R. Civ. P. 26(b)(4)(D) such that Plaintiff is precluded from using Dr. Tallman as an expert in this case. Dr. Tallman was formally retained by Defendant Dr. Wilson in October 2023 to serve as a defense expert consultant in this litigation. (**Exhibit A**). Importantly, this expert relationship was never terminated in this case. (**Exhibit A**).

Fed. Civ. R. P. 26(b)(4)(D) is in place to protect attorneys, their communications with consulting experts, and the opinions of these consulting experts who will not testify at trial. Allowing experts to switch sides in the middle of litigation without any consequences will erode the protections of this Rule and damage the integrity of the litigation process. Defendant is not accusing Plaintiff of acting nefariously or intentionally to disadvantage Dr. Wilson; however, the reality is Dr. Wilson has been unduly disadvantaged in this case if Plaintiff is permitted to pull Dr. Tallman out from under Dr. Wilson and then use Dr. Tallman against Dr. Wilson in this case. All the while Dr. Wilson is left without the services of this retained expert, who he believed was still available for consultation as a defense expert. This outcome is simply unfair.

This scenario is even more unfair given the likelihood that Dr. Wilson retained Dr. Tallman first in October 2023, prior to any attempt by Plaintiff to retain Dr. Tallman. Thereafter, Dr. Tallman was never instructed to destroy materials or that the expert relationship ended. The first party to retain an expert should be afforded the protection of Fed. R. Civ. P. 26(b)(4)(D) throughout the entirety of litigation without interference by another party or concerns about an expert switching sides, regardless of the expert's opinions.

In summary, in accordance with Fed. R. Civ. P. 26(b)(4)(D), Dr. Wilson is entitled to retain Dr. Tallman as an expert employed for trial preparation without interference from Plaintiff.  Dr. Wilson is also entitled to continue to rely on the existence of this expert relationship and the availability of Dr. Tallman for consultation throughout the entirety of litigation, especially when Dr. Tallman was likely retained by Dr. Wilson first and this expert relationship was never terminated.  Dr. Tallman switching sides from Defendant to Plaintiff in the middle of litigation circumvents the protection of Fed. R. Civ. P. 26(b)(4)(D) and the fundamental principles of fairness should prohibit this from occurring.

There is little case law directly on point on the exact expert disqualification issue in this case.  *See Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 277 (S.D. Ohio 1988).  This is likely because experts rarely switch sides in a case, and when they do disqualification is obvious.  *See Koch Ref. Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir. 1996) (The scenario in which an expert switches sides is a "clear case for disqualification."); *Wang Labs, Inc. v. Toshiba Corp.*, 762 F. Supp. 1246, 1248 (E.D. Va. 1991).

Dr. Tallman clearly switched sides in the middle of this case.  The fact that Dr. Tallman has been retained by Defendant as an expert under Fed. R. Civ. P. 26(b)(4)(D) and then switched sides to become an expert for Plaintiff in and of itself is a clear case for disqualification.

Notwithstanding the clear case for disqualification of Dr. Tallman, courts have applied a two-step inquiry to address disqualification of experts.  "First, was it objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed?  Second, was any confidential or privileged information disclosed by the first party to the expert?"  *Koch Ref. Co.*, 85 F.3d at 1181; *Ross*, 567 F. App'x at 304.  The party seeking disqualification bears the burden of proof on these elements.  *Koch Ref. Co.*, 85 F.3d at 1181.

8

Both elements are satisfied in this case.

Dr. Tallman was first contacted by Defendant's counsel's office on October 17, 2023, with a clear request to serve as an expert in this litigation on behalf of Dr. Wilson. (**Exhibit A**). This expert relationship was expressly agreed to in e-mails, and Dr. Tallman provided his CV and fee schedule for his expert services. (**Exhibit A**). This exchange is typical in medical negligence when an expert relationship has been established.

Dr. Tallman was then provided with attorney work product and confidential information to review along with instructions about the scope of his involvement as an expert. (**Exhibit A**).

This sequence of events satisfies the two-step test for disqualification of Dr. Tallman.

As a result of Dr. Tallman's disqualification in this case, his affidavit marked as Exhibit J (ECF No. 113 PageID # 1071-75) to Plaintiff's Memorandum in Opposition (ECF No. 113) should be stricken under Fed. R. Civ. P. 26(b)(4)(D) because Plaintiff is prohibited from discovering, let alone relying upon, the opinions of an expert retained only for trial preparation.

### III. CONCLUSION

Defendant Dr. Wilson respectfully requests this Court issue an Order disqualifying Thomas A. Tallman, D.O. as an expert in this case and striking the affidavit of Dr. Tallman, attached as Exhibit J (ECF No. 113 PageID # 1071-75) to Plaintiff's Memorandum in Opposition (ECF No. 113).

As an expert under Fed. R. Civ. P. 26(b)(4)(D), Dr. Tallman's opinions are not discoverable by opposing counsel in this case. Contrary to this protection, Dr. Tallman switched sides in this case and recently appeared as an expert for Plaintiff. This is a clear case for disqualification. To protect Defendant Dr. Wilson from undue disadvantage, unfairness, and to preserve the protection of Fed. R. Civ. P. 26(b)(4)(D), Dr. Tallman should be disqualified as an expert in this case. Secondary to this disqualification, Dr. Tallman's affidavit should be stricken.

9

Respectfully submitted,

*/s/ Zachary R. Hoover*
Bobbie S. Sprader (0064015)
bobbie.sprader@dinsmore.com
Zachary R. Hoover (0097672)
zachary.hoover@dinsmore.com
Dinsmore & Shohl LLP
191 West Nationwide Boulevard, Suite 200
Columbus, Ohio 43215
Telephone (614) 628-6880
Fax (614) 628-6890
*Counsel for Defendant George Wilson, D.O.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Motion of Defendant George Wilson, D.O. to Disqualify Thomas A. Tallman, D.O.* was served via the Court's electronic filing system and E-mail this 13th day of May 2025:

Neal E. Shapero, Esq.
Andrew J. Thompson, Esq.
Shapero Roloff Co., LPA
1111 Superior Avenue East, Suite 1310
Cleveland, Ohio 44114
nshapero@shaperoroloff.com
athompson@shaperoroloff.com

-and-

Nicholas T. Amato, Esq.
Amato Law Office, LPA
420 Broadway Avenue
Wellsville, Ohio 43968
Amato.lawyer@gmail.com

*Counsel for Plaintiff*

Jillian L. Dinehart, Esq.
Marshall Dennehey
127 Public Square, Suite 3510
Cleveland, Ohio 44114
jldinehart@mdwcg.com

*Counsel for Defendants
Correctional Solutions Group, LLC,
David Stanfield, T. Mackie, T. Prvonozac,
J. Danko, S. Fraser, and Lt. Delp*

Andrew D. Jamison, Esq.
Nicholas J. Siciliano, Esq.
Reminger Co., LPA
400 Courtyard Square
80 South Summit Street
Akron, Ohio 44308
Ajamison@reminger.com
Nsiciliano@reminger.com
*Counsel for Defendants
Candy Hively, Melanie Agnone,
Laura Zuch-Battaglia, and
Merna Baker*

           */s/ Zachary R. Hoover*
           Zachary R. Hoover (0097672